Argued January 23, affirmed March 6, rehearing denied April 3, 1923.

## PORTLAND *v.* BAKER ET AL.

(212 Pac. 967.)

**Pleading—Complaint Stating Several Causes of Action not Separately Stated Held Properly Stricken.**

Where an action against a patrolman for an alleged unlawful killing was one in tort, and against the mayor of a city and the chief of police and a surety company was on claims founded on separate official bonds, in view of Sections 94, 106, Or. L., the complaint contained more than one cause of action, and, the different causes not being separately stated, it was properly stricken.

From Multnomah: J. P. KAVANAUGH, Judge.

In Banc.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Thomas A. Hayes* and *Mr. Boon Cason,* with an oral argument by *Mr. Hayes.*

For respondent George L. Baker there was a brief over the names of *Mr. J. J. Fitzgerald, Mr. John F. Logan* and *Mr. Stanley Myers,* with an oral argument by *Mr. Fitzgerald.*

For respondents Leo V. Jenkins, Robert E. Drake and Raymond C. Linton there was a brief over the names of *Mr. Frank S. Grant* and *Mr. Stanley Myers,* with an oral argument by *Mr. Grant.*

For respondents American Surety Company of New York and John W. O'Halloran there was a brief over the names of *Mr. Chas. A. Marsch* and *Mr. Wm. S. Nash,* with an oral argument by *Mr. Marsch.*

BURNETT, J.—The individuals and corporations named in the complaint are thus described: The City of Portland is a municipal corporation. Boon Cason, for whose benefit this action is brought, is the administrator of the estate of Wayne Cason, deceased. George L. Baker is the mayor of Portland. Leon V. Jenkins is the chief of police of that city. James S. Smith, John W. O'Halloran, Robert E. Drake and Raymond C. Linton are patrolmen in the Police Department of that city. The American Surety Company of New York is a corporation engaged in underwriting official bonds.

It is charged in substance in the complaint that on Sunday, April 4, 1920, the four patrolmen mentioned unlawfully undertook to arrest Wayne Cason and in so doing killed him.

The defendant mayor, as principal, had given an undertaking in the sum of $25,000 with the company as surety conditioned that:

"If the said principal shall faithfully perform and discharge all of his duties and office, and shall perform all official duties now or that may hereafter be imposed upon or required of him by law, ordinance or the charter of the City of Portland, and at the expiration of his term of his office he shall surrender to his successor all property, books and documents that may come into his possession as such officer, and if he shall hold the City of Portland harmless against loss or damage of any kind whatsoever arising out of the acts or omissions of his deputies, assistants, clerks or employees appointed by him, and of any and each of them, then this obligation shall be null and void."

Jenkins, as principal, had given a bond for $10,000 with the same surety, conditioned thus:

"Now, therefore, if the said principal shall fully pay over according to law all moneys that may come into his hands by virtue of such office, and otherwise well and faithfully perform the duties of such office, then this obligation shall be void."

The American Surety Company of New York, as sole signatory, had given a bond reciting that certain individuals had been appointed patrolmen of the Portland Police Department and had requested the company to become surety on a bond for each of them. The condition of that bond was:

"That if each and every of the persons named in the schedule attached hereto or in any addition thereto as hereinafter provided, shall faithfully dis-

charge his duties as a member of the bureau of police, of said city, and promptly make payment of any damage that may be adjudged against him by any tribunal for the illegal arrest, imprisonment or injury occurring within one year from the twentieth day of April, 1919, to any person, then this obligation shall be null and void."

. In the schedule referred to in the undertaking and attached thereto, the names of the four patrolmen appear, with the amount of $1,000 opposite each name.

Stating all of these facts in great detail, commingling them in one count, and annexing to the complaint as exhibits and as part thereof full copies of the bond mentioned, the administrator demands judgment against the individual defendants and each of them as principals on their official bonds, and against the surety company for the sum total of all the bonds, amounting to $39,000. Each of the defendants moved to strike out the complaint because it contains more than one cause of action, the different causes not being separately stated. The motions attacking the complaint were sustained by the Circuit Court and, as the plaintiff expressly refused to plead further and declined to amend, the court entered a judgment of nonsuit. The plaintiff appealed.

Section 94, Or. L., reads thus:

"The plaintiff may unite several causes of action in the same complaint when they all arise out of—

"1. Contract, express or implied; or,

"2. Injuries, with or without force, to the person; or,

"3. Injuries, with or without force, to property; or,

"4. Injuries to character; or,

"5. Claims to recover real property, with or without damages, for the withholding thereof; or,

"6. Claims to recover personal property, with or without damages, for the withholding thereof; or,

"7. Claims against a trustee, by virtue of a contract, or by operation of law.

"But the causes of action so united must all belong to one only of these classes, and must affect all the parties to the action, and not require different places of trial, and must be separately stated."

Section 106, Or. L., is here set down:

"Any pleading not duly verified and subscribed may, on motion of the adverse party, be stricken out of the case. When any pleading contains more than one cause of action or defense, if the same be not pleaded separately, such pleading may, on motion of the adverse party, be stricken out of the case. When a motion to strike out is allowed, the court may, upon such terms as may be proper, allow the party to file an amended pleading, or, if the motion be disallowed, and it appear to have been made in good faith, the court may upon like terms allow the party to plead over."

The cause of action against the patrolmen is one in tort. Against the other defendants the claims are founded on contracts variant in terms. In respect to the transactions described in the complaint there is no breach of the bond given for the patrolmen until there is a failure on the part of an offender to pay damages that may be adjudged against him for illegal arrest, imprisonment or injury to any person.

The condition of each of the three bonds is different from that of either of the others. No principal is liable for the infraction of duty by another principal nor upon the bond of that other.

The sole question before the court is whether or not more than one cause of action can be carved out of the statements made in the complaint, and whether

or not those causes have been separately stated. It is not a question before us, whether or not those causes of action can be united in the same complaint, although separately stated under Section 94, *supra.* Even if they properly could be united in the same complaint, they must be separately stated.

Under the plain provisions of the statute as above quoted, the judgment was correct and is affirmed.

AFFIRMED.    REHEARING DENIED.

